UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHARLES EDWARD CARR, JR., ) | |
| ) | |
| *Plaintiff*, ) | Case No. 2:23-cv-172 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| WASHINGTON COUNTY TN JAIL, ) | Magistrate Judge Wyrick |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed in the Green Rock Correctional Center in Virginia, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of a medical incident that occurred during his former incarceration in the Washington County Jail [Doc. 1], which the United States District Court for the Western District of Virginia transferred to this Court after granting Plaintiff leave to proceed *in forma pauperis* [Docs. 3, 4]. This complaint is now before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

I. STANDARD OF REVIEW

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630

F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. ANALYSIS

Plaintiff seeks § 1983 relief based on his allegations that he "had chest pains running down both arms [but] was refused medical care [or] to be sent out to the hospital" [Doc. 1 p. 2]. But when Plaintiff went to Virginia, he was taken to the hospital on three occasions, one of which was an overnight stay for "chested heart failure A fib heart rate [and] [t]hey wanted to do heart surgery" [*Id.*]. Plaintiff has sued the "Washington County TN Jail" [*Id.* at 1]. As relief, Plaintiff demands "seven (7) million dollars" [*Id.* at 2].

First, Plaintiff does not state where he was denied medical care despite his chest pains. But the Court assumes from the fact that Plaintiff has sued the Washington County Jail that this incident occurred there.

However, while Plaintiff has sued only the Washington County Jail, this is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 238 F.3d 422, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under

2

§1983."). And although Washington County, which runs the Washington County Jail, is an entity subject to suit under §1983, Plaintiff provides no facts from which the Court can plausibly infer that any custom or policy of this municipality caused any violation of his constitutional rights, as required to state a plausible § 1983 claim against Washington County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Thus, the amended complaint fails to state a claim upon which relief may be granted under § 1983 as to the Washington County Jail, and the Court will not liberally construe the amended complaint against Washington County. As such, Plaintiff's complaint will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

              **/s/** *Charles E. Atchley, Jr.*
              **CHARLES E. ATCHLEY, JR.**
              **UNITED STATES DISTRICT JUDGE**